UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, | ) |
|   Plaintiff, | ) ) ) |
| v. | ) ) Court No. 24-00196 |
| LAWRENCE BIVONA, | ) ) |
|   Defendant. | ) ) |

# **COMPLAINT**

The United States, by and through its undersigned attorneys, hereby brings this action against Lawrence Bivona, and alleges the following:

1. This is an action to recover unpaid custom duties and to enforce a monetary civil penalty pursuant to 19 U.S.C. § 1592.

2. This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

3. Upon information and belief, defendant Lawrence Bivona currently resides at 7816 Bridlington Drive, Boynton Beach, Florida, 33472.

4. At all times relevant to the matters described in this complaint, and upon information and belief, Mr. Bivona was the President of LaJobi, Inc. (LaJobi), a corporation that imported wooden bedroom furniture from China.

5. During the period between April 2, 2008, through on or about March 11, 2011, LaJobi, as importer of record, acting through its President, Mr. Bivona, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain

merchandise ("the subject merchandise"), consisting of wooden bedroom furniture manufactured in China, under cover of approximately 89 entries ("the subject entries") filed with U.S. Customs and Border Protection (CBP) at various ports. The subject entries are identified in Exhibit A to this complaint.

6. The subject merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions. In its entry documentation, LaJobi, acting through Mr. Bivona, made numerous misrepresentations.

7. For the subject entries, LaJobi, acting through Mr. Bivona, misrepresented the manufacturer and/or exporter of the subject merchandise, thereby circumventing the antidumping duty applicable to the merchandise. Specifically, LaJobi, acting through Mr. Bivona, falsely identified manufacturers/exporters subject to an antidumping duty rate of 0% or 7.24% instead of identifying the actual manufacturers/exporters, who were subject to the antidumping duty rate of 216.01%.

8. LaJobi, acting through Mr. Bivona, failed to identify the correct manufacturer and/or exporter and apply the correct antidumping duties resulting in losses of revenue to CBP of $7,050,626. Exhibit A.

9. The false statements referenced in paragraph 7 above were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries.

10. Every importer of record must exercise reasonable care in entering merchandise into the United States. *See* 19 U.S.C. § 1484(a)(1). Here, LaJobi, acting through Mr. Bivona, repeatedly failed to identify the correct manufacturer and/or exporter of the subject merchandise

and/or otherwise evaded duties by failing to identify the antidumping duties owed on the subject merchandise.

11. Upon information and belief, Mr. Bivona was the individual with actual knowledge of and decision-making authority regarding LaJobi's import entries of children's bedroom furniture.

12. Upon information and belief, Mr. Bivona was personally involved in the sourcing of merchandise from Chinese factories, and, as President of LaJobi, had the authority to make all sourcing, pricing, and production decisions at LaJobi.

13. Upon information and belief, Mr. Bivona was aware of and endorsed LaJobi paying premiums to factories subject to the 216% antidumping duty to have them ship under the names of factories subject to little or no antidumping duty.

14. Mr. Bivona was aware that, in June 2010, one of LaJobi's Chinese manufacturers (subject to the 216 percent antidumping rate) mistakenly used its actual name on a shipment – instead of a falsely identifying a manufacturer and/or exporter subject to a lower antidumping rate – and therefore LaJobi was properly subjected to the 216% antidumping rate.

15. Mr. Bivona was aware that thereafter LaJobi was reimbursed for approximately $50,000 for proper antidumping duties that LaJobi had to pay. This reimbursement was in direct contravention of the Importer's Blanket Statement of Non-Reimbursement of Antidumping Duties, signed by Mr. Bivona, which explicitly prohibited such practices.

16. After Mr. Bivona was undisputably aware of LaJobi's failure to properly report and pay antidumping duties, Mr. Bivona did not conduct any investigation into LaJobi's fraudulent importation practices.

17. After Mr. Bivona was undisputably aware of LaJobi's failure to properly report

and pay antidumping duties, Mr. Bivona continued to import approximately 20 entries despite his undisputed awareness of LaJobi systematically circumventing 216 percent antidumping duties.

18. On July 6, 2016, CBP issued a pre-penalty notice to Mr. Bivona, which included a pre-penalty statement identifying the basis for a proposed penalty of $15,034,506 for fraudulent (or, in the alternative, grossly negligent) violations of 19 U.S.C. § 1592, or an alternative penalty of $14,101,252 for negligent violations of 19 U.S.C. § 1592. Although CBP informed Mr. Bivona of his right to make an oral or written presentation as to why the penalty should not be issued, the pre-penalty statement included a demand that Mr. Bivona make *immediate payment* of the $7,050,626 in lost duties, pursuant to 19 U.S.C. § 1592(d).

19. On March 21, 2018, issued to Mr. Bivona a notice of penalty and demand for payment of a fraud penalty in the amount of $15,034,506. CBP again demanded that Mr. Bivona pay the lost duties in the amount of $7,050,626.

20. To date, no one has paid any part of the unpaid duties and penalties demanded by CBP.

## COUNT I

21. The allegations contained in paragraphs 1 through 20 are restated and incorporated by reference.

22. The material false statements and omissions referenced in paragraphs 5 through 9 above constitute violations of 19 U.S.C. § 1592(a) because they were committed by Mr. Bivona knowingly, voluntarily, and intentionally, and/or with reckless or wanton disregard for the relevant facts and with indifference to or disregard for LaJobi's obligations as an importer, and/or resulted from Mr. Bivona's failure to exercise reasonable care and competence to ensure

that statements made and information provided in connection with LaJobi's entries of the subject merchandise were complete and accurate.

23. By reason of the violations of 19 U.S.C. § 1592(a) identified above, Mr. Bivona is liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $7,050,626, plus pre-judgment and post-judgment interest.

## COUNT II

24. The allegations contained in paragraphs 1 through 20 above are restated and incorporated by reference.

25. The violations of 19 U.S.C. § 1592(a) identified above in paragraphs 5 through 9 were the result of fraud on the part of Mr. Bivona because he knowingly, voluntarily, and intentionally caused LaJobi's entries of the subject merchandise to be incomplete and inaccurate.

26. By reason of the fraudulent violations referred to above, Mr. Bivona is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(1), for a civil penalty in the amount of $15,034,506, which is an amount equal to the domestic value of the merchandise subject to the violations.

## COUNT III

27. The allegations contained in paragraphs 1 through 20 above are restated and incorporated by reference.

28. If the Court determines that the violations referred to in paragraphs 5 through 9 above were not the result of fraud, then the violations were committed by Mr. Bivona with reckless or wanton disregard for the relevant facts and with indifference to or disregard for

LaJobi's obligations as an importer and, thus, constitute grossly negligent violations of 19 U.S.C. § 1592(a).

29. By reason of the grossly negligent violations referred to above, Mr. Bivona is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(2), for a civil penalty in the amount of $15,034,506, an amount equal to the domestic value of the merchandise subject to the violations, and which is less than four times the total loss of revenue resulting from the violations.

## COUNT IV

30. The allegations contained in paragraphs 1 through 20 above are restated and incorporated by reference.

31. If the Court determines that the violations referred to in paragraphs 5 through 9 above were not the result of fraud or gross negligence, then the violations were the result of negligence on the part of Mr. Bivona, in violation of 19 U.S.C. § 1592(a), because Mr. Bivona failed to exercise reasonable care and competence to ensure that statements made and information provided in connection with LaJobi's entries of the subject merchandise were complete and accurate.

32. By reason of the negligent violations referred to above, Mr. Bivona is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a civil penalty in the amount of $14,101,252, an amount equal to two times the lawful duties, taxes, and fees of which the United States is or may be deprived, which is an amount less than the domestic value of the subject merchandise subject to the violations.

WHEREFORE, the United States respectfully requests that the Court:

(a) Enter judgment for the United States against Mr. Bivona, in the amount of $7,050,626 pursuant to 19 U.S.C. § 1592(d), plus pre-judgment and post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(b) Enter judgment for the United States and against Mr. Bivona for a fraud penalty in the amount of $15,034,506, pursuant to 19 U.S.C. § 1592(c)(1), plus post-judgment interest, costs, and such other relief as may be just and appropriate; or, alternatively, enter judgment against Mr. Bivona for a gross negligence penalty in the amount of $15,034,506, pursuant to 19 U.S.C. § 1592(c)(2), plus post-judgment interest, costs and such other relief as may be just and appropriate; or, alternatively, enter judgment against Mr. Bivona for a negligence penalty in the amount of $14,101,252, pursuant to 19 U.S.C. § 1592(c)(3), plus post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(c) Award such additional relief as the interest of justice may require.

                                                Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                PATRICIA M. McCARTHY
                                                Director

                                                /s/ Franklin E. White, Jr.
                                                FRANKLIN E. WHITE, JR.
                                                Assistant Director


| | |
|---|---|
| OF COUNSEL:<br>KAITLYN HERNANDEZ<br>Attorney<br>Department of Homeland Security<br>U.S. Customs and Border Protection<br>Office of the Associate Chief Counsel<br>New York, NY | /s/ Daniel A. Hoffman<br>DANIEL A. HOFFMAN<br>Trail Attorney<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel.:  (202) 353-0547<br>Email:  daniel.a.hoffman@usdoj.gov |
| October 24, 2024 | Attorneys for Plaintiff |